IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PRIMERICA FINANCIAL SERVICES, LLC | ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION |
| v. | ) ) ) | FILE NO. _____ |
| ESTATE OF RONNELL DWIGHT BURNS and ESTATE OF KEIANNA RENEE BURNS | ) ) ) ) | |
| Defendants | ) ) | |

**COMPLAINT IN INTERPLEADER
AND FOR DECLARATORY RELIEF**

Primerica Financial Services, LLC ("Primerica") files this complaint in interpleader pursuant to Fed. R. Civ. P. 22 and for other declaratory relief under 28 U.S.C. § 2201(a).

**Cause of Action**

1.

This complaint is brought to determine the correct recipient of the proceeds from a Primerica business which involves the sale of certain insurance and investment products, to determine which of the defendants may be entitled to other amounts that are or may become payable with respect to the Primerica business,

and to obtain a declaration of the rights and other legal relations of Primerica and other parties with respect to certain business of Primerica conducted under Agent Code No. 3NNBW.

2.

Because of uncertainty as to the correct recipient of the proceeds from a Primerica business and as to the other matters described below, Primerica may be exposed to litigation, conflicting claims, vexation, and potential double liability unless (a) the Court authorizes a sale of the Primerica business and allows the sale proceeds to be paid into the registry of this Court, (b) the Court determines the correct recipient of such sale proceeds, (c) the Court determines the correct disposition of any other amounts which are or may become payable in connection with the Primerica business, and (d) the Court declares the rights of Primerica and other interested parties with respect to Agent Code No. 3NNBW.

<b><u>Jurisdiction and Venue</u></b>

3.

Primerica is a limited liability company organized under the laws of Nevada, maintaining its principal office in Duluth, Georgia.  The sole member of the limited liability company is Primerica, Inc., a Delaware corporation maintaining its principal office in Duluth, Georgia.

4.

Defendant the Estate of Ronnell Dwight Burns is being administered in the Probate Division of the Circuit Court of Saint Charles County, Missouri, as Case No. 2211-PR00072. Thayer Lance Weaver, an attorney, is the personal representative of the Estate, having been appointed pursuant to Letters of Administration issued by the Probate Court on February 23, 2022. The Estate is subject to the jurisdiction of this Court and may be served through Mr. Weaver, as personal representative.

5.

As of the date of filing this complaint, Primerica understands there has been no administration of the Estate of Keianna Renee Burns but that the Estate will be opened and administered in the Probate Division of the Circuit Court of Saint Charles County, Missouri. The Estate will be subject to the jurisdiction of this Court and may be served through its personal representative when appointed by the Probate Court.

6.

This Court has jurisdiction of this action under 28 U.S.C. § 1332 because there is diversity of citizenship between Primerica and each of the defendants and the value of the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000. Additionally, by contract dated September 9, 2021, Ronnell

Dwight Burns ("Mr. Burns") and Keianna Renee Burns ("Mrs. Burns"), who were husband and wife, and Primerica agreed that any litigation involving the matters which are the subject of this complaint must be brought in this Court or in the Superior Court of Gwinnett County, Georgia.

7.

This Court also has jurisdiction under 28 U.S.C. ¶ 2201(a) because Primerica seeks a declaration of the rights and other legal relations of the parties with respect to Agent Code No. 3NNBW.

8.

Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the property that is the subject of this action is situated in this judicial district, and because a substantial part of the events giving rise to this action occurred in this judicial district.  Additionally, by contract dated September 9, 2021, Mr. Burns, Mrs. Burns, and Primerica agreed that venue is appropriate in this Court in the event of litigation involving the matters which are the subject of this complaint.

## Contracts of Mr. and Mrs. Burns with Primerica

9.

Effective May 11, 2013, Keianna Burns entered into a Basic Agreement with Primerica under which Mrs. Burns was entitled, as an independent insurance agent,

to solicit applications for life insurance policies and other insurance products sold by Primerica Life Insurance Company, by Primerica, Inc., and by other companies authorized by Primerica (collectively "the Primerica Companies").

10.

As an independent contractor Mrs. Burns earned commissions based on her sale of products and services of the Primerica Companies and on the sale of such products and services by other insurance agents who were recruited by her. Mrs. Burns was assigned Agent Code No. 3NNBW, which identified the business of the Primerica Companies for which she was entitled to be paid commissions and other compensation.

11.

Effective January 12, 2016, Mrs. Burns entered into a Regional Vice President Agreement ("RVP Agreement") with Primerica, under which Mrs. Burns was designated a Regional Vice President ("RVP") in the Primerica sales force.

12.

A copy of the RVP Agreement between Mrs. Burns and Primerica is attached as Exhibit 1.

13.

As a Primerica RVP at the $300,000 level, Mrs. Burns was a participant in the Primerica Financial Services 2012 Ownership Program ("the Ownership

Program"). The rights and obligations of Mrs. Burns under the Ownership Program were specified in the Primerica Financial Services 2012 Ownership Program Document ("the Program Document").

14.

A copy of the Program Document is attached as Exhibit 2.

15.

In accordance with the Program Document, an eligible RVP such as Mrs. Burns was authorized to sell or otherwise transfer her Agent Code to another qualified individual, including a member of her family, subject to approval by Primerica, as the General Agent.

16.

On July 19, 1998, and again on October 27, 2015, Ronnell Burns entered into a Basic Agreement with Primerica, under which Mr. Burns was entitled, as an independent insurance agent, to solicit applications for life insurance policies and other insurance products and services offered by the Primerica Companies.

17.

Mr. Burns was assigned Agent Code No. FUF97, which identified the business of the Primerica Companies for which he was entitled to be paid commissions and other compensation. Mr. Burns was not a Primerica RVP when he entered into the Basic Agreement.

18.

Effective September 9, 2021, Mrs. Burns, Mr. Burns, and Primerica entered into an Agreement (the "Spousal Swap Agreement") under which Mr. and Mrs. Burns exchanged roles in the Primerica sales organization. As a result, Mrs. Burns was no longer a Primerica RVP, Mr. Burns entered into a Primerica RVP Agreement, and Agent Code No. 3NNBW was transferred from Mrs. Burns to Mr. Burns.

19.

A copy of the Spousal Swap Agreement is attached as Exhibit 3. The Spousal Swap Agreement included as exhibits copies of the RVP Agreement entered into by Mr. Burns and a copy of the Basic Agreement of Mr. Burns with Primerica.

20.

The Spousal Swap Agreement provided in part:

> § 1.01  Transfer.  Upon the terms and subject to the conditions set forth in this Agreement and any other appliable documentation provided to [Mrs. Burns] and [Mr. Burns], [Mrs. Burns] transfers and [Mr. Burns] accepts the business of the Subject Code [Agent Code No. 3NNBW], as the Subject Code shall exist as of the Effective Date. The Subject Code is transferred from [Mrs. Burns] to [Mr. Burns], and the transfer deemed effective between [Mrs. Burns] and [Mr. Burns], as of the Effective Date. The Transfer may be implemented by [Primerica] on or after the Effective Date in the ordinary course of business.
> …

§ 1.04  Termination of Rights in Subject Code.  [Mrs. Burns] agrees that on and after the Effective Date [Mrs. Burns] shall have no rights (a) to payments of commissions or other amounts (whether denominated as commissions (and whether deferred or not), advances, bonuses, referral fees, or otherwise) from the Subject Code or from [Primerica] or any other [Primerica] Company with respect to the Subject Code or under any agreements with respect to the Subject Code with [Primerica] or any other [Primerica] Company (collectively, "Compensation") ….

21.

Under the heading ARTICLE III.  RELEASE, the Spousal Swap Agreement provided:

[Mrs. Burns] and [Mr. Burns] hereby release and forever discharge [the Primerica Companies and related entities], and each of them, of and from any claims, liabilities, costs, expenses and causes of action of every nature and description, including, but not limited to, any claims arising from any agreement with such Releasee, and whether known or unknown, vested or contingent, that either of them now owns or holds, or has at any time heretofore owned or held, or may at any time own or hold against any Releasee, as to acts or omissions of any Releasee arising prior to and including the date of this Agreement ….

22.

The Spousal Swap Agreement further provided:

§ 5.06  Dispute Resolution/Arbitration.
…

(b)  All matters arising out of or relating to this Agreement that are subject to suit, action or legal proceeding before a court of law or equity shall be brought either in a United States District Court located in Atlanta, Georgia, or in a court of the State of Georgia located in Gwinnett County, Georgia and the parties consent to such jurisdiction and venue.

23.

The circumstances under which a Primerica RVP was permitted to sell or otherwise transfer his or her Agent Code, such as Agent Code No. 3NNBW, were specified in the Program Document, which provided:

> **5.1** **Transfer Right.**   Notwithstanding anything to the contrary in this Program Document, no Code may be transferred by any Agent under the Program except in accordance with this Program Document.  In addition, certain transfer rights as described in this Article V are only applicable at certain levels of Ownership, as described in this Program Document.  Subject to the provisions of this Program Document, an Eligible RVP may sell, assign, give or otherwise transfer (collectively "transfer") his/her Code, and a Beneficiary Designee may transfer the Code of an Eligible RVP upon the death of the Eligible RVP pursuant to the procedures provided in Section 5.2 below.  The Code may not pass by intestacy succession or by will, trust or any similar testamentary document or device, or by any involuntary transfer means, including in any bankruptcy or divorce proceeding.  The Code may also be temporarily transferred to a Temporary Custodian (defined below), as provided in Section 5.2(c). below.
>
> **5.2** **Transition Upon the Death of an Eligible RVP.** (a) The RVP serves an important role in his/her Sales Hierarchy, and the death of an RVP creates a vacuum that must, in the best interest of the Sales Hierarchy, other Agents and the [Primerica] Companies be promptly filled.  Accordingly, not later than six (6) months from the date of death of the Eligible RVP, any transfer of his/her Code must have been completed in accordance with this Program Document (including receipt of the written consent of the General Agent and the execution of a Transfer and Consent Agreement acceptable to the General Agent) with no outstanding estate controversy or other issues regarding the transfer, and with the Transferee being fully licensed and ready to assume the responsibilities of the Code.  Otherwise, the Code shall revert immediately to the General Agent in accordance with Section 8.2 below, but commissions previously earned and renewal commissions, if any, shall be retained by the RVP or his/her estate to the extent provided in Section 8.2.

(b) Each RVP may, and all Eligible RVPs who are natural persons shall, designate on a designation form issued from time to time by the General Agent ("Designation Form") one natural person or Business Entity as the beneficiary to receive the proceeds from the sale of the Code (the "Beneficiary Designee"). Except under certain circumstances, the General Agent may deal exclusively with whoever is selected as a Beneficiary Designee in connection with the sale of the Code. In addition, since the RVP may be at the time of his/her death be an Eligible RVP at the $300,000 Level, the RVP may, when completing the Designation Form, propose who should be the RVP on the Code, that is, to whom the Code should be transferred ("RVP Designee") at the time of the RVP's death, as permitted at the $300,000 Level. The naming of an RVP Designee on a Designation Form shall not be binding on the General Agent. Nothing in the Designation Form or the manner in which it is completed by an RVP shall be deemed to waive any eligibility or qualification requirements for Ownership, and submitting a Designation Form does not guarantee Ownership or Eligible RVP status. The RVP may also name alternative Beneficiary Designees and RVP Designees in the Designation Form.

24.

Under Paragraphs 5.2(c) and (d) of Article V. TRANSFER RIGHTS, the Program Document provided for the appointment of a Temporary Custodian of an Agent Code if a Primerica RVP died without having appointed a Beneficiary Designee:

    **(c)**    **<u>Temporary Custodian.</u>** The General Agent may, but is not required to, appoint a Temporary Custodian to handle the affairs of the business of the Code until the General Agent consents, it at all, to a Transferee. The Temporary Custodian shall be entitled to be compensated from the commissions payable to the Code in the amounts determined by the General Agent. Neither the General Agent nor any Temporary Custodian shall have any liability for handling the affairs of the business of the Code during any such period.

    …

**5.5** **Transfer Conditions.** Notwithstanding any provision of this Program Document or any other document to the contrary, under no circumstances may a Code be transferred in the absence of the written consent of the General Agent, signed by an executive officer of the General Agent….

## The Deaths of Mr. and Mrs. Burns

25.

Mr. and Mrs. Burns died in November 2021 at the home where they resided in Atlanta, Georgia. According to an article in the *The Atlanta Journal-Constitution* dated November 16, 2021, police reported that Mrs. Burns "shot and killed her husband … before turning the gun on herself." A copy of the newspaper article dated November 16, 2021, is attached as Exhibit 4.

26.

According to the Georgia Death Certificate of Mrs. Burns, she died at 9:39 p.m. on Saturday, November 6, 2021, due to "gunshot wound of the head." Her death was described as "suicide." The "approximate interval between onset and death" was reported to be "minutes." A redacted copy of the Georgia Death Certificate of Mrs. Burns is attached as Exhibit 5.

27.

According to the Georgia Death Certificate of Mr. Burns, he died the following day, at 1:03 a.m. on Sunday, November 7, 2021, as the result of "gunshot wound of the right thigh penetrating the torso." His death was described

as "homicide." The "approximate interval between onset and death" was stated to be "seconds-minutes." A redated copy of the Georgia Death Certificate of Mr. Burns is attached as Exhibit 6.

28.

Because the times of death recorded in the Georgia Death Certificates appear to be inconsistent with the newspaper report that Mrs. Burns "shot and killed her husband … before turning the gun on herself," Primerica does not know and is unable to determine the sequence of deaths of Mr. and Mrs. Burns.

29.

At the time of their deaths, neither Mr. Burns nor Mrs. Burns had submitted a Designation Form to Primerica, as the General Agent, in accordance with Paragraph 5.2(b) of the Program Document, and thus neither of them had identified a Beneficiary Designee to receive proceeds from the sale of Agent Code No. 3NNBW.

30.

For the period of November 8, 2021, to July 14, 2022, the total amount of cash flow being held by Primerica for the sale of Primerica insurance and investment products under Agent Code No. 3NNBW is $533,513.30.

## **Appointment of a Temporary Custodian**

31.

In accordance with Paragraph 5.2(c) of the Program Document, Primerica, as the General Agent, entered into a Temporary Custodian Agreement with George Hairston, a Primerica RVP, effective December 20, 2021, under which Mr. Hairston became the Temporary Custodian of Agent Code No. 3NNBW. The Temporary Custodian Agreement recited:

> As of the result of the death of [Mr. and Mrs. Burns], there is a vacuum in the fulfillment of [Mr. Burns'] business, leadership and regulatory responsibilities. In the best interest of the Sales Hierarchy, other Agents, the General Agent, and [Mr. Burns'] estate, those responsibilities must be promptly filled in order to provide stability to the business. The purpose of this Agreement is to establish the agreement between the General Agent and you to serve as the Temporary Custodian with respect to the Subject Code [Code 3NNBW].

32.

A copy of the Temporary Custodian Agreement is attached as Exhibit 7.

33.

Under the Temporary Custodian Agreement, Mr. Hairston has fulfilled the responsibilities of a Primerica RVP with respect to the Sales Hierarchy associated with Agent Code No. 3NNBW.

**Claims of the Estate of Mr. Burns**

34.

By email dated February 23, 2022, attorney Thayer Weaver submitted to Primerica a copy of Letters of Administration by which the Probate Division of the 11th Judicial Circuit Court in St. Charles County, Missouri, appointed him as personal representative of the Estate of Mr. Burns.  Mr. Weaver stated:

> In addition, please be advised that I have been retained by all heirs of the Estate, as well as by Darlene Burns [the mother of Mr. Burns] and Reginald Burns [the brother of Mr. Burns], to represent their interests in all probate, insurance and business matters concerning Ronnell D. Burns.

35.

A copy of the email from Mr. Weaver dated February 23, 2022, is attached as Exhibit 8.

36.

Primerica understands that the Estate of Mr. Burns contends it is entitled to all amounts owed by Primerica under Agent Code No. 3NNBW and to all rights with respect to Agent Code No. 3NNBW under the Program Document.

**Claims of the Estate of Mrs. Burns**

37.

Counsel for Primerica received from attorney Monya Rutland a letter dated June 24, 2022, stating:

> I am writing to advise of our intent to file a claim for access to funds currently being held by Primerica in the 6 Figure ambition account escrow. Mrs. Burns joined Primerica and started this company before her marriage to Mr. Burns. She was not only instrumental in sustaining its longevity, but she also supported and recruited her husband to become a part of the business. While they shared a business partnership, *the subsequent domestic turmoil in their relationship is what we believe coerced her into signing ownership documents with Mr. Burns shortly before their demise. We have credible reasons to believe that Mrs. Burns did NOT sign the documents of her own free will.* Therefore, please accept this letter as our notice to Primerica that we will petition on behalf of the estate and beneficiaries for what we believe is rightfully due to Mrs. Burns's [sic] heirs.

(Emphasis added.)

38.

A copy of the letter from Ms. Rutland dated June 24, 2022, is attached as Exhibit 9.

**Basis for Interpleader and Declaratory Relief**

39.

Based on the matters set out above, Primerica does not know and is unable to determine:

(a)   whether the "Spousal Swap Agreement" dated September 9, 2021, is valid and enforceable in view of the contention made on behalf of the Estate of Mrs. Burns that Mrs. Burns was "coerced into signing ownership documents with Mr. Burns" and that she "did NOT sign the documents of her own free will";

(b)     whether the proceeds of the sale of Agent Code No. 3NNBW are payable in whole or in part to the Estate of Mr. Burns or to the Estate of Mrs. Burns; and

(c)     whether the Estate of Mr. Burns or the Estate of Mrs. Burns is entitled to any other proceeds that are or may become payable under Agent Code No. 3NNBW.

40.

By reason of the matters set out above, Primerica cannot safely determine what disposition it should make of the proceeds payable for the sale of Agent Code No. 3NNBW.

41.

As a result, Primerica may be subjected to litigation and exposed to multiple claims and potential double liability, unless this Court:

(a)     authorizes it to pay the proceeds payable for the sale of Agent Code No. 3NNBW, with applicable interest, into the registry of this Court;

(b)     determines entitlement to additional sums that are or may become payable under Agent Code No. 3NNBW; and

(c)     requires the defendants to assert in this proceeding any claims they may have or may wish to assert under the Spousal Swap Agreement and/or Agent Code No. 3NNBW.

42.

Additionally, Primerica seeks an order from the Court confirming the reimbursement of RVP George Hairston for expenses he has incurred as Temporary Custodian of Agent Code No. 3NNBW and confirming the payment of compensation to Mr. Hairston for services he has provided and will continue to provide as Temporary Custodian until the sale of Agent Code No. 3NNBW, with such reimbursement and payment made from the fund held by Primerica.

43.

Finally, Primerica seeks an order authorizing it to sell or otherwise transfer Agent Code No. 3NNBW to an eligible Primerica RVP, in accordance with the Program Document, and authorizing the purchaser of Agent Code No. 3NNBW to make payments into the registry of this Court for ultimate disposition by order of this Court.

WHEREFORE, plaintiff Primerica Financial Services, LLC prays that:

(a)    its civil action of interpleader be allowed;

(b)    defendants be directed and required to interplead in this action and to set forth in this case any claims they may have or may wish to assert under Agent Code No. 3NNBW and/or the Spousal Swap Agreement and/or the Program Document;

(c) defendants be temporarily and permanently restrained and enjoined pursuant to 28 U.S.C. §2361 from instituting or prosecuting against Primerica and/or its agents any claim in any state or United States court pertaining to Agent Code No. 3NNBW and/or the Spousal Swap Agreement, and/or the Program Document except by way of interpleader in this action;

(d) Primerica be authorized and directed to pay into the registry of this Court a sum of money, plus applicable interest, representing compensation that has been accumulated under Agent Code No. 3NNBW, less expenses reimbursed and compensation paid to RVP George Hairston;

(e) Primerica be authorized and directed to pay into the registry of this Court any additional sums that become due under Agent Code No. 3NNBW while this action is pending;

(f) this Court confirm the amounts paid to Mr. Hairston (i) as reimbursement for expenses he has incurred as Temporary Custodian, and (ii) as appropriate compensation for his services as Temporary Custodian of Agent Code No. 3NNBW, and authorize payment from the funds to be paid into Court such additional reimbursements and compensation that may become due to Mr. Hairston during the pendency of this action;

(g) Primerica be authorized to sell or otherwise transfer Agent Code No. 3NNBW to an eligible Primerica RVP and to deposit into the registry of this Court the proceeds from such sale or transfer;

(h) this Court determine all conflicting claims to the proceeds and other sums payable under Agent Code No. 3NNBW and give direction as to the proper recipient(s) of proceeds now owed and other sums that are or may become payable under Agent Code No. 3NNBW;

(i) Primerica be awarded a reasonable sum to cover its costs, expenses, and attorney's fees in connection with this interpleader action;

(j) Primerica be discharged from further liability to defendants under Agent Code No. 3NNBW; and

(k) Primerica have such other and further relief to which it may be entitled, including dismissal with prejudice as a party to this action.

This 14th day of July 2022.

*s/ H. Sanders Carter, Jr.*
H. Sanders Carter, Jr.
Georgia Bar No. 114100

*s/ Elizabeth G. Brunette*
Elizabeth G. Brunette
Georgia Bar No. 560454

Attorneys for Primerica Financial Services, LLC

FOX ROTHSCHILD LLP
999 Peachtree Street, N.E.
Suite 1500
Atlanta, Georgia 30309
(404) 962-1000 – Telephone
(404) 962-1200 – Facsimile
*scarter@foxrothschild.com*
*ebrunette@foxrothschild.com*